### ANDREW M'COLLAM, v. THE POLICE JURY OF THE PARISH OF POINT COUPEE.

Under the first section of the act of 22d March, 1843, where a party applies for an appeal, by motion in open court, at the same term at which the judgment appealed from was rendered, no citation, or other notice to the appellee, is necessary, but where the appeal is applied for at a subsequent term, citation is necessary, as the other party cannot be supposed to be then in attendance.

APPEAL from the District Court of Point Coupée, *Deblieux,* J.

*Ilsley* and *Stevens,* for the appellant. The motion to dismiss this appeal comes too late. The record was filed on the 5th of November, 1845, and the motion to dismiss on the 27th of January, 1845, the day on which the appellees fixed the case for trial. The motion should have been made at least three days before that on which the case was fixed for trial. 7 Mart., N. S., 265, 271, 2 La., 301.

*Cooley,* for the defendants. The appeal should be dismissed, on the grounds: 1st. That the record was not filed on the return day, nor within three judicial days thereafter ; 2d. That the defendants have not been cited to answer.

MARTIN, J. The dismissal of this appeal is prayed for, on two grounds : the absence of citation, and the untimely filing of the transcript.

An appeal was prayed for during the term in which judgment

was given, but no transcript was brought up at the term to which the appeal was returnable. Afterwards, consequently at another term than that in which the judgment was rendered, a second appeal, to wit, that now before us, was taken. No citation was served, or taken out on either appeal; and the appellant's counsel contends that none was necessary, the appeal not having been obtained on a petition *at chambers*, but in open court, under the act of March 22d, 1843.

It is true that if the first appeal had been brought up at the succeeding term of this court, no citation would have been necessary; because, under the act invoked, the appellees would have been bound to take notice of an appeal obtained during the term at which the judgment was rendered. But the appellant neglected to avail himself of his appeal; and, at the subsequent term of the District Court, moved for a new appeal, at a period when his adversaries cannot be supposed to have been in attendance, so as to take notice of the appellant's second application. A citation was necessary to afford them the opportunity of resisting the attempt to have the judgment altered.

The opinion which we have expressed on the first ground for a dismissal, renders it unnecessary to act on the second.

*Appeal dismissed.*